UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF THERESA M. STARING,
GORDON D. TROY, as personal representative,
and THE GORDON & MARIAN TROY
INTERVIVOS TRUST, by Gordon Troy
as Trustee,

      Plaintiffs,

v.                      Case No. 8:09-cv-625-T-24TGW

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on a dispositive motion for summary judgment filed by Defendant Metropolitan Property and Casualty Insurance Company ("Metropolitan") (Doc. No. 15.) Plaintiffs the Estate of Theresa M. Staring and Gorden D. Troy, as personal representative of the Estate of Theresa M. Staring (collectively, "the Staring Estate"), and Gordon Troy as trustee of the Gordon and Marian Troy Intervivos Trust ("the Troy Trust") have filed a response in opposition to the motion. (Doc. No. 26.) For the reasons stated herein, the motion is denied.

**I.    Background**

Plaintiffs brought this suit against Metropolitan for breach of contract for failure to pay benefits due under a policy for property insurance. The following facts are undisputed by the parties: On October 6, 1991, Metropolitan issued an insurance policy to Maxwell and Theresa Staring for their real property, a single family home located at 1116 Chancellor Drive, Holiday,

Pasco County, Florida. Maxwell and Theresa Staring were the insureds under that policy.

On December 26, 2001, Maxwell Staring died at the age of 89. On March 27, 2002, Theresa Staring executed a deed which transferred the property from herself as a widow to herself as the trustee of the Theresa M. Staring Revocable Living Trust. On October 6, 2007, the policy was renewed, with the term expiring on October 6, 2008.

On December 2, 2007, Theresa Staring died at the age of 97. At her death, Gordon Troy became the trustee of the Theresa M. Staring Revocable Living Trust. Gordon Troy was a neighbor and friend of Maxwell and Theresa Staring.

On January 30, 2008, Gordon Troy contacted Metropolitan in his capacity as trustee of the Theresa M. Staring Revocable Living Trust. He had witnessed cracks in the walls of the property, which had developed over the preceding year and which he believed might have been caused by sink hole activity. He filed a claim for benefits under the policy.

It was at this time that Metropolitan learned that both Maxwell and Theresa Staring were deceased. On March 25, 2008, Metropolitan issued a Cancellation Notice on the policy which would take effect July 5, 2008. Metropolitan cancelled the policy based on the fact that the named insureds no longer had an insurable interest in the policy.[1]

On June 27, 2008, Gordon Troy executed a trustee's deed, transferring the insured property from the Theresa M. Staring Revocable Living Trust to himself and Marian Troy as trustees of the Gordon and Marian Troy Intervivos Trust.

---

[1]The Court notes that neither party filed this important document as an exhibit. The Court, therefore, is unable to check the facts surrounding the cancellation of the policy against the record. The Court accepts the statement of facts as recounted by Metropolitan because Plaintiffs do not dispute them.

On July 29, 2008, Metropolitan rejected the claim made by Gordon Troy.[2] Metropolitan concluded that, based on an independent expert engineer's report, the damage to the home was not caused by sinkhole activity, and therefore was not covered under the policy. Metropolitan referenced the provision in the policy which states that "We do not cover loss or damage to the property . . . which results directly or indirectly from . . . settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, supports, walls, floors, roofs, or ceilings." The company also referenced the provision in the policy which states that the company does not insure for any loss caused by earth movement.

On October 20, 2008, a petition for administration of the Estate of Theresa Staring was filed with the state court in Pasco County. And, on November 17, 2008, Gordon Troy was appointed personal representative of the Estate.

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.*

When a moving party has discharged its burden, the non-moving party must then go

---

[2]The Court has reviewed this document, as it was filed as an exhibit to the Amended Complaint and to Plaintiffs' response to the motion.

beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Id.* In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## III. Discussion

Metropolitan's argument for summary judgment is not based on whether the damage to the property was covered under the policy, i.e., whether the damage was caused by sinkhole activity. Rather, Metropolitan contends that it is entitled to summary judgment because, regardless of the cause of the damage, neither the Staring Estate nor the Troy Trust was a named insured under the policy. Therefore, neither has standing to bring this claim, and neither sustained a loss for which relief can be granted under the policy.

Metropolitan's motion is convoluted and incomplete. But, to the best the Court can discern, Metropolitan's argument is this: that the Staring Estate never held the property at issue; rather, at her death, the property transferred from Theresa Staring, as trustee of the Theresa M. Staring Revocable Living Trust, to Gordon Troy, as trustee of the Theresa M. Staring Revocable Living Trust. Then, after Gordon Troy made the claim to Metropolitan on behalf of the Living Trust, the property was transferred to himself and Marian Troy as trustees of the Gordon and Marian Troy Intervivos Trust. In other words, at the death of the insureds, Gordon Troy owned the property, and the insureds no longer held an "insurable interest" in the property. To support this argument, Metropolitan cites to Florida Statute section 627.405(1), which provides that

4

"[n]o contract of insurance of property . . . shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss."; *see also Aetna Ins. Co. v. King*, 265 So. 2d 716 (Fla. 1st DCA 1972) (noting that "an insurance policy [is] invalid when the insured has no insurable interest in the property").

Furthermore, Metropolitan contends that the Troy Trust cannot make a claim as an insured under the policy because the policy expressly prohibited assignment. Metropolitan cites the provision of the policy which provides that "[the insured] may not assign this policy to another person without our written consent."

Plaintiffs' response is equally incomplete. The Court understands Plaintiffs' argument to be that, according to the terms of the insurance policy, upon the death of Theresa Staring, Gordon Troy, as her legal representative, was substituted as the insured under the policy. Plaintiffs cite to the following provision in the policy regarding death:

> 4. Death. If any person named in the Declarations dies, we insure:
>    . . .
>    B. the legal representative of the deceased, but only with respect to the premises and property of the deceased covered by this policy at the time of death.
>    . . .
>    D. with respect to the property of the deceased, the person having proper temporary custody thereof, but only until appointment and qualification of a legal representative.

Plaintiffs contend that Gordon Troy was an insured under the policy when, acting as the trustee of the Living Trust, he made the claim for coverage under the policy because he was acting as "the legal representative of the deceased." Likewise, once Gordon Troy became the personal representative of the Estate, he was a "legal representative of the deceased," and therefore an

5

insured under the policy. Metropolitan does not respond to this argument.[3]

Reviewing the record in the light most favorable to Plaintiffs, and drawing all reasonable inferences from the record in their favor, the Court finds that genuine issues of material fact remain as to whether Metropolitan breached the insurance policy when it refused to pay benefits under the policy. The Court does not disagree that, under the law, one must have an insurable interest in the property in order to make a claim for insurance benefits. However, significant factual issues remain regarding the events after the deaths of Maxwell and Theresa Staring and the cancellation of the policy. Metropolitan has failed to explain why Gordon Troy was not "the legal representative of the deceased," when he made the claim as the trustee of the Theresa M. Staring Revocable Living Trust. There also appear to be factual issues regarding when the damage to the home first occurred and whether it occurred during the effective period of the policy. On this limited record, the Court cannot find that Plaintiffs' claim is barred as a matter of law.

## IV. Conclusion

In conclusion, the Court finds that genuine issues of material fact remain as to whether Metropolitan breached the insurance policy when it denied Plaintiffs' claim. Accordingly, Metropolitan's motion for summary judgment must be **DENIED**.

---

[3]Metropolitan did not seek to file a reply brief pursuant to Local Rule 3.01(c) and (d).

**DONE AND ORDERED** at Tampa, Florida, this 30th day of October, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record